# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE WILLEY, Individually, and as )
personal representative of the estate of )
MICHAEL WILLEY, and as parent and )
next friend of MARISSA WILLEY, a )
minor, )
)
            Plaintiffs, )
)
    v. ) C.A. NO.: N17C-11-185 AML
)
GLASGOW INTERNAL MEDICINE ) JURY TRIAL OF 12 DEMANDED
ASSOCIATES, P.A., ANTHONY )
VASILE, D.O., CURT BLACKLOCK, )
D.O., CHRISTIANA CARE HEALTH )
SERVICES, INC., a Delaware )
Corporation, )
)
           Defendants. )

Submitted: February 1, 2018
Decided: February 16, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On February 1, 2018, Defendant Vasile moved to have the Court review

Plaintiffs' affidavit of merit, *in camera*, to determine whether it complies with 18

*Del. C.* § 6853(a)(1) and (c). Specifically, Defendant asks the Court to determine

whether the affidavit of merit:

  a) Is signed by an expert witness as defined in 18 *Del. C.* § 6853(c);

  b) Is accompanied by a *curriculum vitae* for each expert;

c) States all its opinions with reasonable medical probability;

d) Includes an opinion that there has been healthcare medical negligence against each defendant;

e) States that the expert gives an opinion that each breach against each defendant was a proximate cause of injuries alleged in the complaint;

f) Includes a *curriculum vitae* that establishes that each expert is licensed to practice medicine as of the date of the affidavit;

g) Includes a *curriculum vitae* that establishes that each expert, for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine (pulmonology) as defendant;

h) Establishes that the expert is board certified in pulmonology.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that

---

[1] *Id.* § 6853(a)(1).
[2] *Id.* § 6853(c).

proximately caused the plaintiff's injury.[3] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[4]

After an *in camera* review, the Court finds the affidavit:

a) Is signed by an expert witness as defined in 18 *Del. C.* § 6853(c);

b) Is accompanied by a *curriculum vitae* for each expert;

c) States all its opinions with reasonable medical probability;

d) Includes an opinion that there has been healthcare medical negligence against each defendant;

e) Establishes that the expert gives an opinion that each breach against each defendant was a proximate cause of injuries alleged in the complaint;

f) Includes the expert's *curriculum vitae*, which establishes that the expert was licensed to practice medicine as of the date of the affidavit and in the three years preceding the negligent act was engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine (pulmonology) as defendant;

g) Establishes that the expert is board certified in pulmonology.

---

[3] *Id.*

[4] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* § 6853(a) and (c) as to each Defendant.

**IT IS SO ORDERED.**

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Joshua Meyeroff, Esquire
       Gregory S. McKee, Esquire
       Katherine J. Sullivan, Esquire
       Stephen J. Milewski, Esquire
       Timothy E. Lengkeek, Esquire